UNITED STATES DISTRICT
COURT NORTHERN DISTRICT OF
TEXAS DALLAS DIVISION

| | | |
|---|---|---|
| CAMMERA "CAMI" HEERWAGEN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:19-cv-01187-E |
| | § | |
| ENLINK MIDSTREAM, LLC, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant EnLink Midstream, LLC's Partial Motion to Dismiss Plaintiff's Retaliation Claims (Doc. No. 6). Having carefully considered the motion, the parties' briefing, and applicable law, the Court concludes the motion should be **GRANTED**.

### BACKGROUND

The following allegations are taken from plaintiff Cammera "Cami" Heerwagen's Original Petition (Doc. No. 1). Enlink Midstream, LLC (Enlink) employed Heerwagen beginning in June 2014. As a senior auditor, she was subjected to the following:

(1) Heerwagen's supervisor Tony Dean dismissed her opinion, which was expressed in a way "substantially similar" to the way her male coworkers expressed work-related opinions, that a "SCM" audit could not be performed as planned. Dean was "generally disrespectful and condescending" to her in front of her peers. When the audit could not be performed, Dean reprimanded Heerwagen and gave her a negative review "related to [her] expressing her opinion."

(2) Dean ignored Heerwagen's concern, based on her experience, about unrealistic deadlines on a "SOX" project. Heerwagen then took her concern to

vice president David Bowman, but he reported her "lack of commitment" to a manager and she received another reprimand.

(3)     Bowman, who frequently called Heerwagen "nonobjective" and "biased," did not publicly criticize or reprimand male employees in the same or similar position.

(4)     Although Heerwagen was qualified for a manager position, Bowman refused to interview her. And, when she expressed interest in transferring out of Bowman's department, he told her she was not allowed to transfer despite internal lateral transfers being encouraged for her male coworkers.

(5)     Following Enlink's procedures, Heerwagen reported the discrimination she was experiencing to a human resources representative and was told her report would be investigated. She waited for the result, but "it turns out, the HR rep she reported to did not follow the company policies for reports of discrimination, did not open a file or an investigation and frankly, did nothing." When Heerwagen was terminated on February 7, 2018, the human resources director had no knowledge of the discrimination report or an investigation of any kind into her claims.

(6)     According to Bowman, Heerwagen was terminated due to a "breach of independence" after a manager in another Enlink department offered her a job. Heerwagen, however, was not auditing the other department. Further, Heerwagen had no control over the job offer, and the manager making the offer was neither reprimanded nor terminated for his role in the "breach of independence." Heerwagen alleges the reason for her termination was a sham created by Bowman to remove a female employee who dared to express her opinion.

Heerwagen filed an Equal Employment Opportunity Commission (EEOC) inquiry on February 13, 2018, with a follow up complaint on June 8, 2018. The EEOC issued a right to sue letter on February 20, 2019. Thereafter, Heerwagen filed this action against Enlink alleging sex-based discrimination in violation of Title VII[1] and Chapter 21 of the Texas Labor Code.[2] She

---

[1] 42 U.S.C. §§ 2000e *et seq.*

[2] *See* TEX. LAB. CODE ANN. §§ 21.001 *et seq.* (formerly, and still often referred to as, the Texas Commission on Human Rights Act (TCHRA)).

also asserts Title VII and Chapter 21 retaliation claims, alleging Enlink "retaliated and discriminated against [her] when she opposed the practice of discrimination . . . by making a charge of discrimination, assisted and participated in the investigation of her complaint of discrimination and terminated her employment so the investigation could not be completed." Enlink moves to dismiss Heerwagen's retaliation claims, asserting she failed to exhaust her administrative remedies with respect to those claims.

LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 12(b)(6) authorizes a court to dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." *Id.* 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and citations omitted). The court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000).

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible if the plaintiff "pleads factual content that allows the court to draw the

3

reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* A claim "is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679); *see also Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019).

ANALYSIS

Heerwagen's petition alleges she made a complaint of gender-based discrimination to Enlink's human resources department and, as a result, Enlink retaliated against her and terminated her employment "so the investigation [of her complaint] could not be completed." She further alleges the treatment she received and "lack of investigation and support" by the human resources department would dissuade her and and any reasonable worker from making, filing or supporting a charge of discrimination against a male supervisor.

To make a prima facie case for a retaliation claim, a plaintiff must demonstrate (1) she engaged in a protected activity (2) an adverse employment action occurred, and (3) there was a causal link between the protected activity and the adverse employment action. *Gorman v. Verizon Wireless, L.L.C.*, 753 F.3d 165, 170–71 (5th Cir. 2014) (noting substantive law governing Title VII and Chapter 21 retaliation claims is identical); see 42 U.S.C. § 2000e-3(a); TEX. LAB. CODE ANN. §21.055. A plaintiff engages in a "protected activity" by opposing an "unlawful employment practice"[3] or making a charge, testifying, assisting, or participating in an

---

[3] Under Title VII, it is an unlawful employment practice for an employer–

4

investigation, proceeding, or hearing under Title VII. 42 U.S.C. § 2000e-3. The protected activity need not be the "sole factor motivating the employer's challenged decision in order to establish the 'causal link' element." *Gee v. Principi*, 289 F.3d 342, 345 (5th Cir. 2002) (quoting *Long v. Eastfield College*, 88 F.3d 300, 305 n.4 (5th Cir. 1996)). However, a plaintiff must allege facts showing the employer was aware of the protected activity; otherwise, there can be no causal connection between the protected activity and any adverse employment action taken by the employer. *Watts v. Kroger Co.*, 170 F.3d 505, 512 (5th Cir. 1999) (op. on reh'g).

Before filing suit, a plaintiff must exhaust his or her administrative remedies for Title VII and Chapter 21 claims by filing an administrative charge. *Gorman*, 753 F.3d at 169–70; *McClain v. Lufkin Indus.*, 519 F.3d 264, 273 (5th Cir. 2008) (Title VII); *Jones v. Grinnell Corp.*, 235 F.3d 972, 975 (5th Cir. 2001) (TCHRA); 42 U.S.C. § 2000e–5(e)(1), (f)(1); TEX. LAB. CODE ANN. §21.202(a). A court must construe an EEOC charge broadly to assess whether it properly exhausts a particular claim. *Jefferson v. Christus St. Joseph Hosp.*, 374 F. App'x 485, 490–91 (5th Cir. 2010). A claim is exhausted if it "could have been reasonably . . . expected to grow out of the charge of discrimination." *Id.* (quoting *McClain*, 519 F.3d at 273). Accordingly, a plaintiff's complaint "may encompass any kind of discrimination 'like or related to' allegations contained in the EEOC charge." *Hayes v. MBNA Tech., Inc.*, No. 3:03-cv-01766-D, 2004 WL 1283965, at *6

---

(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin; or

(2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex or national origin.

42 U.S.C. § 2000e-2(a).

(N.D. Tex. June 9, 2004) (citations omitted). Failure to properly exhaust administrative remedies before filing an action will result in dismissal. *See Dao v. Auchan Hypermarket*, 96 F.3d 787, 788–89 (5th Cir.1996).

Enlink moves to dismiss Heerwagen's retaliation claims, contending her EEOC charge[4] did not allege a claim for retaliation and such a claim would not reasonably be expected to grow out of the charge. A section of the EEOC charge allowed Heerwagen to check boxes indicating the bases on which she alleged discrimination, and she checked the box indicating her allegation of discrimination was based on "sex." The box for "retaliation" was unchecked. In response, Heerwagen notes a plaintiff need not "check a certain box," *see Pacheco v. Mineta*, 448 F.3d 783, 792 (5th Cir. 2006), and directs the Court to the following recitation in her EEOC complaint:

> Lastly, Ms. Heerwagen, before being terminated, reported the discrimination she was experiencing to HR, describing her situation as a "hostile work environment" that was causing her to have panic attacks from frequent public reprimands, put downs in team meetings and the general horrible treatment she was receiving from two of her male supervisors. She was told her report would be looked into and investigated, including items in her PIP that she disputed as factually inaccurate. Ms. Heerwagen used the HR contact information available to all employees and followed the procedure laid out to her to make a report and waited for more information as to the result of the investigation from HR, week after week. It turns out, the HR rep she reported to did not follow the company policies for reports of discrimination, did not open a file or an investigation and frankly, did nothing. When Ms. Heerwagen was terminated the HR Director, Stacey Cardwell, had no knowledge of Ms. Heerwagen's prior reports of discrimination or of an investigation of any kind into the claims or disputed facts in Ms. Heerwagen's PIP.

---

[4] Enlink attached Heerwagen's EEOC complaint and charge to its motion to dismiss (Doc. No. 6-1). The documents were not attached to Heerwagen's petition, but the petition refers to her "EEOC complaint and charge" and the Court may consider documents that "are central to the claim and referenced by the complaint." *Collins*, 224 F.3d at 498–99.

Heerwagen's EEOC complaint clearly describes her reporting discrimination before being terminated.  However, it does not allege, as her petition in this action does, that Enlink retaliated against her and terminated her employment "so the investigation [of her complaint] could not be completed."  To the contrary, the EEOC complaint recites that Enlink's human resources director "had no knowledge of [Heerwagen's] prior reports of discrimination" when Heerwagen was terminated.  *See Watts*, 170 F.3d at 512 (plaintiff asserting retaliation claim must allege facts showing employer was aware of protected activity; otherwise, there can be no causal connection between protected activity and any adverse employment action taken by employer).  And, the charge describes Heerwagen's termination as Bowman "remov[ing] a female employee who dared express an opinion."

Neither Heerwagen's EEOC charge nor EEOC complaint include statements or allegations that she was terminated as a result of reporting discrimination as she alleges in her petition.  Even interpreting the charge and complaint broadly according to the scope of the investigation that could reasonably be expected to grow out of them, the Court concludes such an investigation would not include a claim of retaliation.  *See, e.g., Kelly v. Capitol One Auto Fin.*, No. 3:08-cv-0266-D, 2008 WL 2653202, at *3 (N.D. Tex. July 7, 2008) (when EEOC charge's factual allegations concerned only plaintiff's "individual experience of being discharged because she was pregnant," the charge, "even liberally construed, could not reasonably be expected to lead to the investigation of a claim that the discharge was in retaliation for complaining to the Human Resources Department").  She therefore failed to exhaust her Title VII and Chapter 21 retaliation claims.  *See id.*  Accordingly, the Court **GRANTS** Enlink's partial motion to dismiss.

CONCLUSION

For the foregoing reasons, the Court finds Enlink's Partial Motion to Dismiss Plaintiff's Retaliation Claims (Doc. No. 6) should be and is hereby **GRANTED**. The Court is precluded from considering Heerwagen's Title VII and Chapter 21 retaliation claims because she failed to exhaust her administrative remedies with respect to those claims. Therefore, those claims are **DISMISSED with prejudice.**[5]

**SO ORDERED**.

Signed February 20, 2020.

_____
ADA BROWN
UNITED STATES DISTRICT JUDGE

---

[5] Heerwagen's response to the partial motion to dismiss contains two captions; the top one is titled "Plaintiff's Response to Defendant's Motion to Dismiss and Alternative Motion for Leave to Amend" and the bottom one is titled "Plaintiff's Response to Defendant's Partial Motion to Dismiss." In the body of the response, however, Heerwagen does not address or request leave to amend the complaint. Further, any amendment would be futile based on Heerwagen's failure to exhaust administrative remedies. *See Ridgle v. Lowe's Home Centers, Inc.*, No. 3:04-cv-1650-D, 2005 WL 8158192, at *3 (N.D. Tex. Mar. 17, 2005).